Citation Nr: 1443660 
Decision Date: 09/30/14 Archive Date: 10/06/14

DOCKET NO. 10-38 226 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Salt Lake City, Utah


THE ISSUE

Entitlement to an initial rating in excess of 20 percent for service-connected back disability.


REPRESENTATION

Veteran represented by: Texas Veterans Commission


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

M. Taylor, Counsel


INTRODUCTION

The Veteran served on active duty from June 1999 to June 2003, July 2005 to November 2005, and June 2006 to June 2009.

This matter comes to the Board of Veterans' Appeals (Board) on appeal from a July 2009 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Salt Lake City, Utah. 

A Travel Board hearing was held at the Waco RO in August 2011 before the Board and a copy of the hearing transcript has been added to the record.

In March 2014, the Board remanded the matter for additional development. The case has been returned to the Board for further appellate review. 


REMAND

The record reflects that following the Board's March 2014 remand, the Veteran was scheduled for VA examination; however, he did not appear. The letter notifying him of the date and time of the scheduled VA examination is not associated with the file. In addition, an August 2014 VA treatment record indicates that he is willing to report to his VA outpatient clinic for scheduled treatment and examinations. In view of the state of the record, the Board finds that another attempt should be made to schedule the Veteran for the necessary VA examination to assess the nature and etiology of his service-connected back disability. Failure to report for a scheduled VA examination necessary in association with the claim may result in a denial of the claim. 

In addition, updated treatment records are to be obtained. 

Accordingly, the case is REMANDED for the following actions:

1. Obtain the Veteran's more recent treatment records, since August 2014, and associate them with the Veteran's file.

2. After completion of the above, the Veteran is to be afforded an appropriate VA examination to determine the current nature, extent and severity of his service-connected back disability. (Advise the Veteran that failure to appear for an examination as requested, and without good cause, could adversely affect his appeal. See 38 C.F.R. § 3.655 (2013).) 

The entire file must be made available to and be reviewed by the examiner in conjunction with the examination. If the examiner does not have access the electronic claims file, any treatment records contained in electronic claims file are to be printed for the examiner's review. 

All indicated tests are to be performed. The examiner is to report all pertinent findings. The examiner must report the Veteran's range of motion findings, whether or not the Veteran experiences radiculopathy to the lower extremities or any other neurological impairment associated with the back disability, and comment on whether the Veteran experiences any incapacitating episodes because of his back disability. 

In describing any limitation of function, the point at which pain begins during tests of motion is to be identified. Whether there is any pain, weakened movement, excess fatigability or incoordination on movement, must be noted. The examiner is to describe whether pain limits functional ability during flare-ups or when the back is used repeatedly. All functional losses caused by service-connected back disability due to pain, weakness, fatigability, etc., must be specifically equated to additional degrees of motion lost beyond that shown clinically.

3. Place a copy of the notification to the Veteran of the scheduled examination in the claims file if one is not conducted.

4. Finally, readjudicate the appeal. If the benefit sought remains denied, issue a supplemental statement of the case and return the case to the Board. 

The Veteran has the right to submit additional evidence and argument on the matter the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).



_________________________________________________
RYAN T. KESSEL
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).